■ In the Matter of RICHMAN PLAZA GARAGE CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [977 NYS2d 208]—

Judgment, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about June 12, 2012, denying the petition to annul the determination of respondent, New York State Division of Housing and Community Renewal (DHCR), dated September 16, 2011, which approved an increase in the monthly parking rate for tenants of a Mitchell-Lama development, and, inter alia, to order DHCR to consider petitioner's request for higher rates, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The Mitchell-Lama Law (Private Housing Finance Law art II) provides financial incentives to landlords who develop low- and middle-income housing in exchange for their agreement to the regulation of their rents and profits (*see id.* § 11; *see also Matter of Columbus Park Corp. v Department of Hous. Preserv. & Dev. of City of N.Y.*, 80 NY2d 19 [1992]). These regulations include the requirement that housing companies obtain DHCR's approval before leasing any part of their real property (Private Housing Finance Law § 27 [4] [c]), including facilities "incidental and appurtenant" to housing accommodations, such as parking garages (*id.* § 12 [5]; *see also* Multiple Dwelling Law § 60 [1] [b]).

Petitioner, a commercial tenant that operates a garage located on a Mitchell-Lama development owned by a limited-profit housing company, concedes that DHCR is authorized to regulate the rates that the housing company may charge its residential tenants for parking (*see* 9 NYCRR 1727-6.1). Its argument is that DHCR's authority is limited to the circumstances in which the housing company itself operates the garage. There is no rational basis for so limiting DHCR's authority. Allowing housing companies to avoid DHCR's oversight by leasing their garages to others who could set their own rates would contravene the purpose of the statute and regulations, which is to serve low-income tenants by keeping their housing and ancillary expenses affordable.

DHCR's determination approving the nearly 80% increase in the monthly parking rate is rationally based and is not arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union*

*Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *see also Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206 [1989]). Petitioner's dissatisfaction with the way in which the housing company has processed its requests for a parking rate increase is not a basis for altering DHCR's procedures set forth in its Management Bureau Memorandum No. 76-C-2.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Andrias, Saxe, Richter and Clark, JJ.